Colleen SILVERMAN, Petitioner-Appellee,

v.

Richard SILVERMAN, Respondent-Appellant,

and

Nicholas Silverman, by and through his guardian ad litem, Maria Silverman; Jon Silverman, by and through his guardian ad litem, Maria Silverman, Real-party-in-interest-Appellants.

No. 16-55221

United States Court of Appeals, Ninth Circuit.

Submitted November 17, 2017 *
Pasadena, California

Filed November 21, 2017

Patrick Jeffrey Kane, McGinnis Wutscher Beiramee, San Diego, CA, Charles Wesley Kim, Jr., Esquire, Attorney, Yelman & Associates, San Diego, CA, for Petitioner-Appellee

Milton J. Silverman, Jr., Attorney, Law Offices of Milton Silverman, San Diego, CA, for Respondent-Appellant

Milton J. Silverman, Jr., Attorney, Law Offices of Milton Silverman, San Diego, CA, for Real-party-in-interest-Appellants

Before: KOZINSKI and IKUTA, Circuit Judges, and GETTLEMAN,** District Judge.

**MEMORANDUM ***

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

** The Honorable Robert W. Gettleman, United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Respondents "cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law." Caterpillar Inc. v. Williams, 482 U.S. 386, 399, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Respondents justified their removal from state to federal court by claiming that the Hague Convention on the Civil Aspects of International Child Abduction applies. But "[t]he Convention shall cease to apply when the child attains the age of 16 years." Hague Convention on the Civil Aspects of International Child Abduction art. 4, Oct. 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89. Because Jon was 16 at the time of removal, respondents lacked an objectively reasonable basis for removal. Respondents' argument that the Hague Convention establishes the rule that minors older than 15 may not be returned to a foreign country is meritless. And their further argument that this alleged rule preempts state law does not give rise to federal question jurisdiction, because it is merely a defense to state law claims. See Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang, 376 F.3d 831, 839 (9th Cir. 2004). The district court didn't abuse its discretion in granting petitioner's request for attorney's fees under 28 U.S.C. § 1447(c). See Martin v. Franklin Capital Corp., 546 U.S. 132, 136, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provid-